UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 09 2015
1-9-2015
JUDGE JOHN Z. LEE
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON HULL,<br>    a/k/a "Killa" and "Cam" | No. 13 CR 216<br><br>Judge John Z. Lee |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant CAMERON HULL, and his attorney, KEITH SCHERER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The superseding information in this case charges defendant with facilitating the travel of a person in interstate commerce for the purpose of illicit sexual activity, in violation of Title 18, United States Code, Section 2423(d).

3. Defendant has read the charge against him contained in the superseding information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges defendant with facilitating the travel of a person in interstate commerce for the purpose of illicit sexual activity, in violation of Title 18, United States Code, Section 2423(d).

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

From in or about November 2011 until in or about December 2011, at Chicago, in the Northern District of Illinois, and elsewhere, defendant CAMERON HULL, for the purpose of private financial gain, arranged, induced, and facilitated the travel of a person, namely Victim BH, knowing that such a person was traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of Title 18, United States Code, Section 2423(d).

More specifically, in the fall of 2011, HULL and Victim BH spoke via telephone. During this conversation, Victim BH agreed to work as a prostitute under HULL's employ. At this time, Victim BH was 16 years of age. After speaking on the phone, HULL and BH met in person. During this meeting, HULL agreed to act as Victim BH's pimp; that is, HULL agreed to post advertisements on the internet to help Victim BH obtain clients, facilitated her travel to meetings with

2

clients where she would have sex with them in exchange for money, and provide protection to Victim BH while she met with clients. In exchange, Victim BH agreed to pay HULL between 20 and 30 percent of the profits she made performing commercial sex acts and also to pay some of her expenses, such as the cost of motel rooms and car repair.

Starting in at least November 2011 and continuing until at least December 2011, while Victim BH was 17 years of age, HULL acted as Victim BH's pimp as well as the pimp of various adults such as Individual NO, Individual IH, and Individual TK, who ranged in age from 18 years old to 24 years old. Using a computer and/or smart phone, HULL posted advertisements for Victim BH and Individuals NO, IH, and TK on backpage.com, advertising them for commercial sex. While in Illinois, HULL spoke to Victim BH and these individuals on the phone and through Facebook to arrange to meet them in various locations, including Indiana, so they could work in Illinois and Indiana as prostitutes under his employ.

In November 2011, HULL facilitated the travel of Victim BH and Individual IH to a motel in Indiana, where he posted advertisements on the internet, advertising these two individuals and other prostitutes in his employ for commercial sex. HULL, Victim BH, and other individuals working as prostitutes for HULL then traveled back to Illinois, where HULL again advertised these individuals for commercial sex, and took a percentage of the profits they made.

On average, the individuals working as prostitutes for HULL charged each customer $150. Victim BH worked under Hull's employ from approximately November 2011 through approximately December 2011.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 30 years' imprisonment. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

    b. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

    c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2014 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 24, pursuant to Guideline § 2G1.3(a)(4).

ii. Pursuant to Guideline § 2G1.3(b)(3)(A) and (B), a two-level enhancement applies because the offense involved the use of a computer or interactive computer service to (A) persuade, induce, entice, and facilitate the travel of the minor to engage in prohibited sexual conduct; and (B) entice, encourage, and solicit a person to engage in prohibited sexual conduct with the minor.

iii. Pursuant to Guideline § 2G1.3(b)(4)(B), the offense level is increased by two levels because subsection 2G1.3(a)(4) applies and the offense involved a commercial sex act.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of

5

Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

   v.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c.  **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 5 and defendant's criminal history category is III:

   i.  On or about November 2, 1998, defendant was convicted of criminal trespass to a vehicle in the Circuit Court of Cook County, Illinois and sentenced to 18 months' probation. Defendant receives zero criminal history points for this conviction, pursuant to Guideline § 4A1.2(e);

   ii.  On or about January 30, 2003, defendant was convicted of disorderly conduct in the Circuit Court of Jackson County, Tennessee and sentenced

to 30 months' probation. Pursuant to Guideline § 4A1.2(c)(1), defendant receives zero criminal history points for this conviction;

    iii.  On or about October 3, 2003, defendant was convicted of attempted robbery in the Circuit Court of Cook County, Illinois and sentenced to 24 months' probation. On January 16, 2004, defendant's probation was revoked and he was sentenced to 2 years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this conviction;

    iv.  On or about January 12, 2006, defendant was convicted of attempt to possess a controlled substance in the Circuit Court of Cook County, Illinois and sentenced to 29 days' imprisonment and 3 months' probation. Pursuant to Guideline § 4A1.1(c), defendant receives 1 criminal history point for this conviction; and

    v.  On or about March 13, 2008, defendant was convicted of possession of cannabis in the Circuit Court of Cook County, Illinois and sentenced to 10 days' imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives 1 criminal history point for this conviction.

  d. **Repeat and Dangerous Sex Offender.** Pursuant to Guideline § 4B1.5(b), a five-level increase to defendant's offense level applies because defendant's instant offense of conviction is a covered sex crime, and defendant engaged in a pattern of activity involving prohibited sexual conduct.

  e. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense

7

level is 30, which, when combined with the anticipated criminal history category of III, results in an anticipated advisory sentencing guidelines range of 121 to 151 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

  f. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement

will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11. The government agrees to recommend a sentence of 121 months' imprisonment. The defendant free to recommend whatever sentence he deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution to the victims, as determined by the Court, in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

13. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

16. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

17. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 13 CR 216.

18. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other

federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Right to be charged by indictment**. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove

prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

        iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  c. **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

20. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

21. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

22. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

23. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to

which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

24. Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

## Other Terms

25.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

27.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by

the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

30. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

31. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 1/9/15

By _____
ZACHARY T. FARDON
United States Attorney

_____
CHRISTOPHER GROHMAN
Assistant U.S. Attorney

x _____
CAMERON HULL
Defendant

_____
KEITH SCHERER
Attorney for Defendant